IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL THOMAS, | No. C 11-4709 CW (PR) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION TO DIRECT STATE COURT TO PROVIDE TRIAL TRANSCRIPTS |
|     v. | |
| MATTHEW CATE, | |
|     Respondent. | (Docket no. 5) |

Petitioner, a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.  On October 26, 2011, the Court granted his motion to stay the petition while he exhausts his ineffective assistance of counsel claims in state court.

Now pending is Petitioner's motion asking this Court to direct the California superior court to provide him with a missing portion of his state trial transcripts or, alternatively, to grant summary judgment in his favor.  Specifically, Petitioner states (1) that he was never provided with a transcript of the first portion (Volume I) of his state criminal and trial proceedings; (2) neither his trial nor appellate attorney have a copy of the transcript; (3) his former attorney has attempted to assist him in obtaining a copy of Volume I but has been unsuccessful; and (4) even the superior court does not have a copy of the transcript.  Based on the above, Petitioner speculates that the first portion of the trial may not have been transcribed.

The Court must deny Petitioner's motion.  Federal district courts are without power to issue mandamus to direct state courts,

state judicial officers, or other state officials in the performance of their duties. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991). Consequently, this Court cannot order the state court or any other state official to provide Petitioner with the missing volume of the transcript, assuming such portion of the trial was in fact transcribed. See In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

However, a state's failure to provide a full record of a trial may violate a defendant's due process rights and form the basis for federal habeas corpus relief. See Madera v. Risley, 885 F.2d 646, 648 (9th Cir. 1989). Two criteria are relevant to this determination: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought; and (2) the availability of alternative devices that would fulfill the same functions as a transcript. See id. A federal habeas petitioner must establish prejudice from the lack of recordation to be entitled to habeas corpus relief. See id. at 649.

If Petitioner intends to assert a claim in the present petition for the violation of his right to due process based on his inability to obtain a portion of the trial transcript, he can do so only after he has exhausted state remedies as to that claim in state court and then moves to lift the stay and amend the

2

present petition to include all of his exhausted claims.

Accordingly, Petitioner's motion to have this Court direct the California superior court to provide him with his trial transcripts or, alternatively, to grant summary judgment in his favor, is DENIED.

This Order terminates Docket no. 5.

IT IS SO ORDERED.

Dated: 12/28/2012

_____
CLAUDIA WILKEN
United States District Judge