IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL THOMAS, | No. C 11-4709 CW (PR) |
|     Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME AND DENYING REQUEST TO APPOINT COUNSEL |
|     v. | |
| CONNIE GIPSON, et al., | |
|     Respondents. | (Docket no. 18) |

Petitioner has filed a motion for an extension of time in which to file his traverse and a request for the appointment of counsel. For the reasons stated below, the Court grants the motion for an extension of time and denies the request to appoint counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191,

1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case.  Petitioner's claims appear to be the typical claims that arise in criminal appeals and habeas petitions and are not especially complex.  This does not appear to be an exceptional case that would warrant representation on federal habeas review. There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e).  If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the

2

pertinent witnesses.  <u>Downs v. Hoyt</u>, 232 F.3d 1081, 1041 (9th Cir. 2000).

Petitioner's motion for an extension of time to file his traverse is granted.  Petitioner's traverse must be filed within sixty days from the date of this order.

This Order terminates Docket No. 18.

IT IS SO ORDERED.

Dated: January 16, 2015

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE